Case 7:03-cv-00050-R   Document 17   Filed 09/08/05   Page 1 of 10   PageID 78

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION
FILED
September 8, 2005
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ROBERT MICHAEL SHAW, ) | |
| TDCJ No. 610377, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 7:03-CV-050-R |
| ) | |
| DOUGLAS DRETKE, Director, ) | |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
|     Respondent. ) | |

MEMORANDUM OPINION AND ORDER

ON THIS DATE, came on to be considered the papers and pleadings filed in this action and the Court finds and orders as follows:

This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas.

Petitioner seeks to challenge the validity of disciplinary action no. 20030072090 which was taken against him at the Allred Unit. *Amended Petition ¶ 17.* Shaw was found guilty of failing to obey an order to stop talking. *Respondent's Answer with Brief in Support, Exhibit B at p.1 (hereinafter "Respondent's Exhibit ___ at p. ___").* As a result of the charge, he lost 10 days of previously earned good time credits, his custodial classification level was reduced and he was placed on 45 days of recreation, commissary, property and cell restrictions. *Id.* In support of his petition, Shaw presents the following grounds for relief:

    1.    the disciplinary report was not processed pursuant to a proper investigation;

    2.    the "no talking in hallway" signs are vague and overbroad;

    3.    the evidence was insufficient to sustain a finding of guilt;

    4.    the disciplinary report was filed in a conspiring and retaliatory manner, and;

    5.    the penalties imposed were excessive and too severe.

*Amended Petition ¶¶ 20.A-E.*

The due process rights of prisoners are generally limited to freedom from restraint which "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995). Restrictions which merely alter the conditions of confinement do not implicate due process. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (commissary and cell restrictions); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (same). A prisoner has a protected liberty interest in the loss of accrued good time only if he is eligible for release to mandatory supervision. *Malchi*, 211 F.3d at 957-58; *see also Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.) (finding that Texas prisoners have no protected liberty interest in early release on parole), *cert. denied*, 501 U.S. 1210, 111 S.Ct. 2809 (1991).

When a prisoner has a protected liberty interest in the loss of accrued good time credits, the revocation of such credits must comply with minimal procedural due process. *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *see Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975 (1974) (holding that prisoners are entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated"). These minimal requirements are: (1) written notice of the alleged disciplinary violation at least 24 hours prior to a hearing; (2) the opportunity to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the hearing officer as to the evidence relied upon

and the reasons for any disciplinary action taken. *Wolff*, 418 U.S. at 563-68, 94 S.Ct. at 2978-80. The second requirement under *Wolff* is limited in that confrontation and cross-examination of witnesses is not constitutionally required. *Id.* at 567-68, 94 S.Ct. at 2980; *Wade v. Farley*, 869 F.Supp. 1365, 1375 (N.D. Ind. 1994). Additionally, prison officials may, at their discretion, limit the number of witnesses called without offering an explanation to the prisoner. *Wolff*, 418 U.S. at 563-68, 94 S.Ct. at 2978-80.

The Court initially observes that a reduction in custodial classification and temporary restrictions on privileges as a result of a prison disciplinary action do not implicate due process concerns. *See Malchi*, 211 F.3d at 958; *Madison*, 104 F.3d at 768. However, Petitioner lost previously earned good-time credits and he is eligible for release to mandatory supervision. *Amended Petition ¶¶ 16 & 18*. Therefore, he has a constitutionally protected liberty interest sufficient to justify the consideration of his petition on the merits. *See Malchi*, 211 F.3d at 958-59.

In his first ground for relief, Shaw claims that the investigating officer, Sgt. Matthew, had instructed the charging officer, J. Boyett, to file the disciplinary charge. He argues that, because the investigating officer had instructed the charging officer to write the report, the officers were in violation of TDCJ policy which prohibits the charging officer from investigating the incident. *Amended Petition, Attached p.1*. Shaw further alleges that the charge was fabricated, that the charging officer lied during the hearing and that the hearing officer refused to believe him when he accused the charging officer of lying. *Id.* at p. 2.

It is well settled that a prison authority's failure to follow internal rules or administrative procedures does not, in itself, give rise to any issue of constitutional magnitude as long as minimum constitutional requirements are met. *E.g. Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996);

*Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Shaw has not shown that such a failure, if any, on the part of TDCJ officials, resulted in any constitutional infirmity. Therefore, he is not entitled to relief on his claim that the investigation officer was, in reality, the charging officer. Shaw's additional allegation relating to the veracity of the charging officer's report and testimony will be addressed below under Shaw's sufficiency-of-the-evidence claim.

Next, Shaw claims that the "no talking in hallway" signs are vague, overbroad and tend to inhibit free speech. *Amended Petition, Attached p. 2*. He submits that TDCJ's Orientation Handbook states that "no loud talking or horseplay will be allowed," a rule which is in direct conflict with the no-talking signs. *Id.* He argues that, because talking is permitted pursuant to the Orientation Handbook, he was punished for a non-existent rule violation. *Id. at pp. 2-3*.

Review of the record reflects that Shaw was not disciplined for failing to comply with the no talking signs. He was disciplined for failing to obey an order to stop talking. *Respondent's Exhibit B at p. 1*. During the hearing, Officer Boyett testified that Petitioner failed to stop talking after being told to do so twice. *Hearing Audio Tape*. Petitioner's failure to comply with the order was the basis for the disciplinary action and he presents no claim that he was not on notice that failing to comply with an officer's directive could result in disciplinary action. Therefore, he is not entitled to relief on this ground.

A petition for writ of habeas corpus may be entertained "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3). Absent a claim that challenges the fact or duration of confinement, habeas relief cannot be granted. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37

F.3d 166, 168 (5th Cir. 1994); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983), *cert. denied*, 465 U.S. 1010, 104 S.Ct. 1008 (1984). Petitioner's First Amendment claim does not implicate the fact or duration of his confinement and is, therefore, not cognizable in a habeas proceeding. To the extent that Shaw believes the no talking signs violate his First Amendment rights, assuming that he has not been sanctioned and is not otherwise barred from filing suit, he is free to bring such a claim in a civil rights action filed under 42 U.S.C. § 1983. Forms for filing a civil rights action are available in the law library of the Allred Unit where Shaw is confined.

In his third ground for relief, Shaw alleges that the evidence was insufficient to sustain a finding of guilt. He claims that the charge was fabricated, that the charging officer lied during the hearing and that the hearing officer refused to believe him when he accused the charging officer of lying. *Amended Petition, Attached p. 2*. He argues that the testimony of the charging officer, Boyett, was obviously "coached" and that the hearing officer questioned Boyett in a leading manner to ensure that Petitioner was identified on the record as the offender who refused to stop talking. *Id. at p. 3*. Shaw further argues that he could not have known it was a rule violation to talk in the hallway because, under the "HALL RULE" section, the Offender Orientation Handbook states: "No loud talking or horseplay will be allowed." Thus, he argues, "it is not legally a rule violation to talk in the hallway." *Id. at p. 4*.

Federal habeas review of the sufficiency of the evidence in a prison disciplinary action is extremely limited. Due process requires only "some evidence" to support the findings made in the disciplinary hearing. *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2774 (1985); *see Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) (requiring the court to determine whether "any evidence at all" supports disciplinary action

taken by prison officials), *cert. denied*, 455 U.S. 992, 102 S.Ct. 1619 (1982). A court's determination as to "whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455.

In the instant case, the hearing officer relied upon the officer's report and the charging officer's testimony in determining Shaw's guilt. *Respondent's Exhibit B at pp. 1-2; Hearing Audio Tape.* Such evidence constitutes some evidence of guilt. *See Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001) (finding that a prison incident report alone constitutes "some evidence" of guilt). Therefore, Petitioner is not entitled to relief on his sufficiency-of-the-evidence claim. To the extent that he seeks habeas relief on the ground that the hearing officer discounted his testimony and credited that of the charging officer, Shaw cannot prevail. "Credibility determinations are the province of the hearing officer ...." *Richards v. Dretke*, 394 F.3d 291, 295 (5th Cir. 2004).

Shaw argues that he committed no disciplinary violation because, despite the fact that no-talking signs are posted throughout the prison, it is not against the rules to talk in the hallway. Shaw was not found guilty of talking in the hallway. He was found guilty of failing to obey an order to stop talking. Carrying his argument to it's logical extension under the facts and circumstances of the instant case, Petitioner argues that he is not required to comply with a prison guard's directive if the conduct in which he is engaged is not specifically prohibited in the Offender Orientation Handbook. This argument, while novel, is unpersuasive. Refusing or failing to obey a legitimate order given by a prison guard is listed as a disciplinary offense in the TDCJ Disciplinary Rules and Procedures for Offenders. *Respondent's Exhibit D at pp. 1 & 4.* Clearly, Petitioner was on notice

that his failure to comply with the order to stop talking was a punishable offense.  He is not entitled to relief on this ground.

In his fourth ground for relief, Shaw claims that the disciplinary report was filed in a conspiring and retaliatory manner.  *Amended Petition at ¶ 20.D.*  He alleges that the disciplinary action was taken against him in retaliation for filing complaints with the Warden and for filing grievances complaining of staff misconduct.  *Amended Petition, Attached p. 4.*  He claims that, thirteen days after the disciplinary action, the Unit Classification Committee reduced his custodial level thereby subjecting him to double jeopardy.  *Id.*  As a result, Petitioner claims to have suffered humiliation, emotional distress, fear for his life and a chilling effect on his right of access to the courts.  *Id. at p. 5.*

Prison officials may not retaliate against an inmate for the exercise of a constitutionally protected right.  *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir.), *cert. denied*, 476 U.S. 1117, 106 S.Ct. 1975 (1986).  In order to show retaliation an inmate "must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."  *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).  Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred."  *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.) (quoting *Woods*, 60 F.3d at 1166), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559 (1997).  This places a significant burden on the inmate.  Mere conclusory allegations are insufficient to state a claim.  *Woods*, 60 F.3d at 1166; *Richardson v. McDonnell,* 841 F.2d 120, 122-23 (5th Cir. 1988). The inmate must produce direct evidence of motivation or "allege a chronology of events from

which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166 (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

Petitioner has failed to articulate facts which could demonstrate that anyone involved in the disciplinary proceeding acted for purposes of retaliation or in some sort of conspiracy. He has not provided the Court with any information which could demonstrate that, but for a retaliatory motive, prison officials would not have conducted the disciplinary proceeding and there is nothing in the record of this case which suggests retaliation. *See Amended Petition, Attached pp. 4-5; Petitioner's Objection to Respondent's Answer at p. 8.* Because Shaw's allegations involving retaliation and conspiracy are conclusory in nature, he is not entitled to relief on this ground. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

Shaw seeks habeas relief on the ground that the Unit Classification Committee reduced his custodial classification only thirteen days after the disciplinary action. *Amended Petition, Attached p. 4.* This claim is not cognizable in a habeas proceeding because it does not present an issue involving the fact or duration of his confinement. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983), *cert. denied*, 465 U.S. 1010, 104 S.Ct. 1008 (1984).

In his final ground for relief, Petitioner states that the penalties imposed against him as a result of the disciplinary action were excessive and too severe. *Amended Petition ¶ 20.E.* He argues that he was charged with a "level 2 offense" which, under TDCJ regulations, could be punished with a two-level reduction in time-earing status but not the three-level reduction to which he was subjected. *Amended Petition, Attached p. 5.* Shaw claims that the reduction in his time-earning

classification cost him release on parole, which was under consideration by the Parole Board, and that it will ultimately delay his release on mandatory supervision because of the reduction in his good-time earning rate. *Id.*

This ground for relief is without merit. Absent some liberty interest with its attendant due process considerations, the failure of TDCJ officials to follow their own rules and regulations raises no issue of constitutional magnitude. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Shaw has not shown that the three-level reduction in his custodial classification resulted in any constitutional infirmity. State prisoners in Texas "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). "[T]he mere possibility of parole is not a protected liberty interest." *Makris v. United States Bureau of Prisons*, 606 F.2d 575, 576 (5th Cir. 1979). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100 (1979). Inasmuch as there is no right to be released on parole, it is pure speculation as to whether an inmate will actually obtain parole. *See Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991). Similarly, the loss of the ability to earn good-time credits presents no issue of constitutional magnitude, even where an inmate is eligible for mandatory supervised release at some future point in time. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest), *cert. denied*, 517 U.S. 1196, 116 S.Ct. 1690 (1996).

Petitioner has failed to present a ground for relief which could show that the disciplinary action taken against him was constitutionally infirm.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is hereby DENIED.

Copies of this order shall be mailed to Petitioner and to Counsel for Respondent.


SO ORDERED this 8th day of September, 2005.


_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE